<u>NOT FOR PUBLICATION</u>                    [Dkt. Ents. 80 & 94]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| NATIONAL AMUSEMENTS, INC., | : |
| | : Civil Action No. |
| Plaintiff, | : 08-2469 (RMB/KMW) |
| | : |
| v. | : |
| | : **OPINION** |
| THE BOROUGH OF PALMYRA, et al., | : |
| | : |
| Defendants. | : |
| | : |

<u>Appearances</u>:

Kevin J. Coakley, Esq.
Marc D. Haefner, Esq.
Nicole Bianca Dory, Esq.
Connell Foley, LLP
85 Livingston Avenue
Roseland, NJ 07068-1765

        Attorneys for Plaintiff National Amusements, Inc.

Richard L. Goldstein, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin, PA
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002

        Attorney for Defendant Borough of Palmyra.

**BUMB**, UNITED STATES DISTRICT JUDGE:

        This matter comes before the Court upon a Report and

Recommendation by United States Magistrate Judge Williams,

pursuant to Local Civil Rule 72.1(a)(2), granting an application

for interim fees and costs by plaintiff National Amusements, Inc.

1

(the "Plaintiff").  Defendant the Borough of Palmyra (the
"Defendant"), the party against which fees and costs were
assessed, has timely filed objections to the Report and
Recommendation, in accordance with Local Civil Rule 72.1(c)(2),
and Plaintiff has filed opposition to Defendant's objections.[1]
For the following reasons, the Court declines to adopt the Report
and Recommendation, and denies Plaintiff's application for
interim fees and costs.

**BACKGROUND**

Plaintiff operates an open-air market on its property in
Palmyra, New Jersey every Saturday and Sunday.  The property is
located within a designated redevelopment area.  In the course of
site investigations attendant to the municipality's redevelopment
efforts, possible unexploded munitions were discovered on
Plaintiff's property.  In light of this discovery, Defendant
requested that Plaintiff voluntarily close its weekend market,
which Plaintiff refused to do.  Thereafter, on March 12, 2008,
Palmyra's Chief of Police, Richard P. Dreby, forcibly suspended

---

[1] Magistrate Judge Williams's Order was initially filed
according to Local Civil Rule 72.1(a)(1) as a non-dispositive
determination.  Defendant then filed a timely appeal to this
Court, which argued, inter alia, that the motion had in fact
presented a dispositive matter subject to de novo review by the
District Court.  Plaintiff's opposition brief agreed with this
proposition.  To ensure that this matter would be presented to
the District Court in the correct procedural posture, Judge
Williams, acting with the parties' consent, withdrew her Order
and reentered it as a Report and Recommendation.  [Dkt. Ent. 93.]

operations at the market.

On April 24, 2008, Plaintiff initiated this action by filing a Complaint in Burlington County Superior Court seeking a declaratory judgment that the municipality's conduct was unlawful.  On May 20, 2008, Defendant removed the action to this Court.  Three weeks later, on June 6, 2008, Plaintiff filed a motion for preliminary injunction seeking to resume its use of the property.  The motion was fully briefed and ripe for decision by this Court when the parties appeared for oral argument on July 17, 2008.  At that hearing, the parties agreed to the terms of a Consent Order, which was entered by this Court on July 30, 2008, permitting Plaintiff to reopen its market, subject to certain limitations, after August 13, 2008.  The market reopened as planned, and the parties proceeded to conduct discovery. Plaintiff made no mention at the July 17th hearing that it intended to seek attorneys' fees and costs.

Nearly a year later, on June 18, 2009, shortly after United States Magistrate Judge Schneider (who was then assigned to the case) denied Plaintiff's motion for a protective order, Plaintiff moved for an interim award of fees and costs arising from its motion for preliminary injunction and the resulting Consent Order.  Magistrate Judge Williams granted the motion by way of Report and Recommendation on April 13, 2010, and Defendant timely filed objections.  The matter is now before this Court.

3

**LEGAL STANDARD**

When a party has objected to a Magistrate Judge's Report and Recommendation, the District Judge "shall make a de novo determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2). A de novo determination "means an independent determination of a controversy that accords no deference to any prior resolution of the same controversy." United States v. Raddatz, 447 U.S. 667, 690 (1980) (Stewart, J., dissenting). Therefore, de novo review "means reconsideration afresh by the [D]istrict [J]udge in this sense: no presumption of validity applies to the [M]agistrate's findings or recommendations." Greene v. WCI Holdings Corp., 956 F. Supp. 509, 514 (S.D.N.Y. 1997) (quoting 7.2 James Wm. Moore, Moore's Federal Practice, 1 72.04[10.-2], at 72-96 (1995)).

**DISCUSSION**

The issue presented to this Court is whether an interim award of attorneys' fees and costs is proper when the award arises from a motion for preliminary injunction that was ultimately withdrawn and resolved by consent of the parties. This issue has been the main subject of the parties' briefing, both before the Magistrate and this Court, and was the focus of the Magistrate's cogent and thoughtful Opinion. Because this

Court holds that recovery of fees and costs is barred by a
threshold procedural deficiency, however, the Court need not
reach the core substantive issue.

It is the tradition of American courts that fees and costs
are normally not awarded to the prevailing party in civil
litigation.  Polonski v. Trump Taj Mahal Ass'n, 137 F.3d 139, 145
(3d Cir. 1998).  However, such awards may be authorized by
statute, contract, or other exceptional circumstances.  Id.  One
statute authorizing fee awards, 42 U.S.C. § 1988, provides that,
"In any action or proceeding to enforce [certain federal statutes
including 42 U.S.C. § 1983], the court, in its discretion, may
allow the prevailing party, other than the United States, a
reasonable attorney's fee as part of the costs . . . ."  42
U.S.C. § 1988(b).

A "prevailing party" is not necessarily a lawsuit's winner.
Texas State Teachers Ass'n v. Garland Independent School Dist.,
489 U.S. 782, 790 (1989).  Rather, a party is considered
"prevailing" when it has established its "entitlement to some
relief on the merits of [its] claims . . . ."  Id. (quoting
Hanrahan v. Hampton, 446 U.S. 754, 757 (1980)).  In other words,
"parties are considered prevailing parties if 'they succeed on
any significant issue in litigation which achieves some of the
benefit the parties sought in bringing suit.'"  J.O. ex rel. C.O.
v. Orange Tp. Bd. of Educ., 287 F.3d 267, 271 (3d Cir. 2002)

(quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)); <u>see</u> <u>also</u> <u>Singer Mgmt. Cons'ts, Inc. v. Milgram</u>, __ F.3d __, 2010 WL 3037394, *5 (3d Cir. Aug. 5, 2010).  Because a party may achieve some of the relief it sought before litigation is concluded, an interim or interlocutory award of attorney's fees, called an award <u>pendente</u> <u>lite</u>, is appropriate in some instances.  <u>Hanrahan</u>, 446 U.S. at 757-58.  The Third Circuit has held that "relief on the merits achieved in the form of a preliminary injunction can confer 'prevailing party' status . . . under appropriate circumstances . . . ."  <u>People Against Police Violence v. City of Pittsburgh</u>, 520 F.3d 226, 232 (3d Cir. 2008).[2]  <u>But see</u> 6 Fed. Proc., L. Ed. § 11:203 (WL 2010) ("Generally, the plaintiff is not the prevailing party for the purposes of a fee award where the plaintiff is granted a preliminary injunction which is to continue until there is a final disposition of the case on the merits." (citing <u>Smyth v. Rivero</u>, 282 F.3d 268, 276-77 (4th Cir.

---

[2] The Court pauses to note the important differences between <u>People Against Police Violence</u> and the case at bar.  In that case, the preliminary injunction effectively put in place the final relief that the plaintiff was seeking; thus, the injunction was not "preliminary" in the sense that it was far more than a temporary order to maintain the balance of equities between the parties pending a final adjudication on the merits.  By contrast, this case more closely resembles <u>Smyth</u>, 282 F.3d at 276-77. However, as previously stated, the Court need not, and does not, resolve this substantive issue.  <u>Compare</u> <u>Singer Mgmt.</u>, 2010 WL 3037394, *6 ("This alone may have been enough to confer prevailing party status, as the TRO did more than preserve the status quo and <u>arguably afforded Live Gold all the relief it sought</u>." (emphasis added)).

2002))). Further, a defendant's voluntary compliance in the form of a consent order can establish a plaintiff's "prevailing party" status "provided the 'change in the legal relationship of the parties' was in some way 'judicially sanctioned.'" P.N. v. Clemonton Bd. of Educ., 442 F.3d 848, 853 (3d Cir. 2006) (quoting Buckhannon Bd. v. West Virginia D.H.H.R, 532 U.S. 598, 605 (2001)). Accordingly, a motion for preliminary injunction resolved by a consent order can, in some circumstances, confer "prevailing party" status, for which an award pendente lite may be appropriate. Singer Mgmt., 2010 WL 3037394, *13 n.8 (Ambro, J., dissenting).

Before a litigant may be eligible to recover fees as a "prevailing party," however, it must comply with the Court's procedural rules to obtain a fee award. Quick v. Peoples Bank of Cullman County, 993 F.2d 793, 799 (11th Cir. 1993). The operative procedures are specified in Federal Rule of Civil Procedure 54 and Local Civil Rule 54.2. Federal Rule of Civil Procedure 54(b)(2) provides that, "Unless a statute or a court order provides otherwise, [a] motion [for attorney's fees] must . . . be filed no later than 14 days after the entry of judgment . . . ." Fed. R. Civ. P. 54(b)(2). The Rule defines "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Because a consent order is generally not appealable, see Kean v. Adler, 65 F. App'x 408, 412 (3d Cir. 2003), it is not

7

a "judgment" for purposes of Rule 54(b)(2), and the 14-day time limit does not apply.  <u>See</u> <u>Gautreaux v. Chicago Housing Auth.</u>, 690 F.2d 601, 611-12 (7th Cir. 1982) (holding that Rule 54 normally does not apply to an award <u>pendente lite</u>).

Local Civil Rule 54.2 has a broader reach.  It provides, "In all actions in which a counsel fee is allowed by the Court or permitted by statute, an attorney . . . shall file with the Court an affidavit <u>within 30 days of the entry of judgment or order</u>" setting forth information about the services rendered.  L. Civ. R. 54.2(a) (emphasis added).  Notably, the Local Rule applies to both judgments <u>and</u> <u>orders</u>.  It is well established that an order is distinguishable from a judgment:

> While an order may under some circumstances amount to a judgment, they must be distinguished, owing to the different consequences flowing from them, not only in the matter of enforcement and appeal but in other respects, as, for instance, the time within which proceedings to annul them must be taken. Rulings on motions are ordinarily orders rather than judgments. The class of judgments and of decrees formerly called interlocutory is included in the definition given in [modern codes] of the word "order."

1 A.C. Freeman, <u>A Treatise of the Law of Judgments</u> § 19, at 28 (Edward W. Tuttle ed., 5th ed. 1925), <u>as quoted in</u> <u>Black's Law Dictionary</u> 1130 (8th ed. 2004).  Furthermore,

> An order is the mandate or determination of the court upon some subsidiary or collateral matter arising in an action, not disposing of the merits, but adjudicating a preliminary point or directing some step in the proceedings.

1 Henry Campbell Black, <u>A Treatise on the Law of Judgments</u> § 1,

at 5 (2d ed. 1902), <u>as quoted in</u> <u>Black's Law Dictionary</u> 1130 (8th
ed. 2004).  Since it is beyond dispute that a "consent order" is
a type of "order", Local Civil Rule 54.2 requires that an interim
fee application arising from a consent order must be submitted
"within 30 days" of the order.[3]  <u>Accord</u> <u>Mannings v. School Bd. of
Hillsborough County</u>, 826 F. Supp. 1404, 1407 (M.D. Fla. 1993)
(applying the Local Rules' 30-day limit for filing motions for
interim fees to a non-final consent order); <u>Benitez v. Collazo</u>,
571 F. Supp. 246, 248-49 (D.P.R. 1983) (applying the Local Rules'
time limit to a motion for interim fees).

Here, Plaintiff delayed nearly a year after entry of the
Consent Order before filing a motion for fees and costs.
Plaintiff never sought extension of the deadline, <u>see</u> L. Civ. R.
54.2(c), and has suggested no reason why the deadline should be
equitably tolled.  Plaintiff's submission did not even comply
"substantially" with the rule, as it was filed after a period ten

---

[3] Neither party, before Magistrate Judge Williams or this
Court, raised or briefed the distinction between Rule 54's use of
the word "judgment" and Local Rule 54.2's use of the additional
word "order".

The Third Circuit has said that "Local Civil Rule 54.2
extends the time within which to file for fees from fourteen days
to thirty as a standing order of the district court." <u>United
Auto. Workers Local 259 v. Metro Auto Center</u>, 501 F.3d 283, 286
(3d Cir. 2007) (citing <u>Planned Parenthood of Cent. N.J. v.
Attorney General of N.J.</u>, 297 F.3d 253, 261 (2002)).  While the
Local Rule certainly does this, it <u>also</u> creates a time limit for
fee applications arising from non-appealable orders, which are
not otherwise covered by the Federal Rule.

9

times longer than that normally allowed for preparing fee
applications.  Accordingly, Plaintiff's fee application was
untimely under Local Civil Rule 54.2.  See Marshak v. Treadwell,
No. 95-3794, 2010 WL 455406, *4-5 (D.N.J. Feb. 2, 2010)
(rejecting a pendente lite fee petition for its untimeliness
under Local Civil Rule 54.2(a)); Doe v. Terhune, 121 F. Supp. 2d
773, 776-78 (D.N.J. 2000) (rejecting a fee application for
untimeliness); Oberti v. Bd. of Educ. of Borough of Clementon
School Dist., No. 91-2818, 1995 WL 428635, *3-4 (D.N.J. July 17,
1995) (same) ("It would be anomalous for the court to excuse
counsel's neglect in waiting two years to apply for fees, and
then to award counsel fees based upon an hourly rate normally
paid to experts in this type of litigation.").

     Good reasons underlie the 30-day limitation of Rule 54.2.
Importantly, the Rule "[e]nsures that review of fee issues will
proceed before memories dim . . . ."  Oberti, 1995 WL 428635, *4.
A party opposing a motion for fees is put at a disadvantage when
it must recall events months or years later, especially when
called upon to scrutinize particular line-items in the fee
petition.[4]  A court's ability to adjudicate such a motion is

---

     [4] Here, Plaintiff did not submit its itemized fee petition
until March 26, 2010 (after Magistrate Judge Williams granted
interim fees), which was one year and eight months after entry of
the Consent Order.  [Dkt. Ent. 87.]  Defendant has not yet stated
its position with respect to the petition, in light of its
objections to the Magistrate's Report and Recommendation.  Thus,
Defendant would now be put in the burdensome and unfair position

similarly hampered with the passage of time.[5]

Another often-cited reason for the Rule is the entitlement of the non-prevailing party to know of the fee application before it must decide whether and on what basis to appeal. Terhune, 121 F. Supp 2d at 778. Although an appeal deadline is not at issue in this case, the underlying concern applies equally to the course of litigation. Eleven months after resolution of a preliminary injunction motion, in the thick of discovery practice, it is not within a party's expectations that its adversary might seek pendente lite fees for the long-resolved motion. A party should be on notice that such interim fees are being sought in deciding its litigation strategy (just as in deciding its appeal strategy). Further, a pendente lite fee application is not a "secret weapon" for surprise use to gain leverage over an adversary in the jockeying of discovery and motion practice. For these reasons, the Local Rule's 30-day limitation applies by its terms equally to pendente lite and post-judgment fee applications.

Finally, Plaintiff argues that untimeliness under the Local

_____

of having to scrutinize a fee petition more than two years after the motion was resolved. This further illustrates the import of a limitations period.

[5] This unfortunate consequence is unavoidable in the event of a post-judgment fee application. By applying a timeliness requirement to both judgments and orders, Local Civil Rule 54.2 seeks to avoid this consequence at least for pendente lite fee applications.

Civil Rules should not bar recovery of fees because a court's local rules cannot be applied so as to limit a litigant's substantive rights.  (Pl.'s Opp'n Br. 6 n.1.)  This line of argumentation has been roundly rejected numerous times before, and the Court does so again here.  As the Eleventh Circuit explained in a similar case,

> The application of [the Local Rule's time limit] in no way affects a party's right to an award of attorney's fees, it only requires that the right be exercised in a timely manner. . . . We do not believe that Congress intended for courts to be forced to accept petitions for attorney's fees indefinitely, but rather that some reasonable time limitation be imposed. . . . Because the time limitation is reasonable and does not substantively affect the [parties'] rights . . . , [the Local Rule] does not create a conflict with the enabling statute.

<u>Quick</u>, 993 F.2d at 799.  In sum, application of the Local Civil Rule (which is, in most cases, more flexible than the corollary Federal Rule) does not limit the litigants' substantive rights.[6] Therefore, the untimeliness of Plaintiff's motion here precludes its recovery of attorneys' fees and costs.[7]

---

[6] Further, Plaintiff's suggestion that the Local Rule conflicts with the corollary Federal Rule is without merit.  The Federal Rule does not grant a substantive right to fees; on the contrary, Plaintiff's brief persuasively argues that the Federal Rule does not apply in this case, since a consent order is not appealable.  Thus, the <u>only</u> rule applicable here is Local Civil Rule 54.2.

[7] The Court does not mean to suggest that a party which does not request fees within the Local Rules' 30-day limit is forever barred from recovering fees.  Of course, fees are recoverable by way of a fee petition filed after entry of the final judgment. <u>See League of Women Voters of Fla. v. Browning</u>, No. 06-21265, 2008 WL 5733166, *3 (S.D. Fla. Dec. 4, 2008) ("[A] prevailing

**CONCLUSION**

For the aforementioned reasons, the Court declines to adopt the Magistrate's Report and Recommendation, and denies the motion for interim fees and costs.  An Order accompanies this Opinion.


Date: August 12, 2010              s/Renée Marie Bumb
                                   RENÉE MARIE BUMB
                                   UNITED STATES DISTRICT JUDGE

---

party [may] move for interim attorney's fees or attorney's fees at the conclusion of the litigation.").  This Opinion applies only to interim ("pendente lite") fee applications.

13